## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BEACON INDUSTRIAL STAFFING,
INC. and SALVATORE MANZO,

    Plaintiffs,

v.                                                       Case No: 8:13-cv-1715-T-30MAP

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, P.A.,

    Defendant.

## **ORDER**

THIS CAUSE comes before the Court upon the Defendant's Motion to Dismiss (Dkt. #8) and Plaintiffs' Response in Opposition to Motion (Dkt. #11). Upon review and consideration, the Court's concludes that the Motion should be denied.

### *Background*

Plaintiffs Beacon Industrial Staffing, Inc. ("Beacon") and Salvator Manzo ("Manzo") are defendants in litigation pending in the Ocala Division of the Middle District of Florida in the case styled *American Home Assurance Company v. Weaver Aggregate Transfer, Inc., et. al.*, case No.:10-cv-329 (the "Underlying Litigation"). In the Second Amended Crossclaim and Third Party Complaint in the Underlying Litigation there are several causes of action against Beacon and Manzo. Beacon and Manzo notified National Union Fire Insurance Company of Pittsburgh, P.A. ("National Union") of the claim requesting coverage under a "Staffing Liability Policy." National Union

refused coverage and Plaintiffs filed a complaint for declaratory judgment and breach of contract.

The complaint alleges that the claims raised in the Underlying Litigation "trigger a duty to indemnify by National Union, because it alleges negligent acts, errors, and omissions in the performance of services by the insured, Beacon, and its agents, Manzo and Salcor." Plaintiffs further allege that "[f]rom 2005 to present, National Union insured Beacon pursuant to an insurance policy for 'Staffing Services Liability.'" They attach a policy that covers the period from August 26, 2011 to August 26, 2012 (the "2011-12 Policy"). They allege that it is "essentially and for all material purposes substantially identical" to all of the insurance policies in effect from 2005 to the present in regards to the applicable terms and coverage.

The Declarations page lists the insured as "BIS Group Holdings dba Beacon Tri-State Solutions" and neither Plaintiff is expressly listed as an insured. In addition to the 2011-12 Policy, the Plaintiffs attach the following: (1) a copy of the Second Amended Crossclaim and Third Party Complaint in the Underlying Litigation, (2) a letter from Plaintiffs to National Union requesting coverage under the Staffing Liability Policy, and (3) a letter from National Union declining coverage under two policies, the 2011-12 Policy attached to the complaint and a 2005-06 policy insuring Beacon Industrial Staffing, Inc. (the "2005-06 Policy").

*Discussion*

### I.   Standard for Motion to Dismiss

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts

that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994)(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank*, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal citations and quotations omitted). "A complaint may not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Further, exhibits are part of a pleading "for all purposes." Fed.R.Civ.P. 10(c)*; see Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (per curiam) ("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion.").

    **II.**    **Defendant's Motion to Dismiss**

National Union raises three issues in its Motion to Dismiss. First, it alleges that Plaintiffs do not establish that they are insureds under the Policy. Second, National Union claims that Plaintiffs fail to properly allege the type of coverage which they seek to invoke under the Policy. Third, it alleges that Michigan law applies to this case and therefore Plaintiffs may not make a claim for attorney's fees.

### a. Plaintiffs' Failure to Attach the Policy at Issue

National Union's argument regarding the Plaintiffs' failure to establish they are insureds under the Policy is unavailing. Essentially, it argues that because Plaintiffs failed to attach the 2005-06 policy under which they claim coverage, they fail to state a claim. Federal Rule of Civil Procedure 10(c), provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." The rule is permissive in nature and the plaintiff has "no obligation to attach to her complaint documents upon which her action is based." *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Therefore, the case cannot be dismissed for failure to attach the insurance policy at issue.

Beacon and Manzo allege that they were insured from 2005 through the present under substantially identical terms and coverage as the 2011-12 Policy. This allegation does not preclude the possibility that the 2005-06 Policy named Beacon as the insured. Further, National Union does not attach a copy of the 2005-06 Policy which could have resolved the issue of whether Beacon and Manzo are insureds under it. *See Brooks v. Blue Cross & Blue Shield of Florida, Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997) ("[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). However, it admits in its denial letter that it reviewed both policies before deciding to deny coverage. Since the Court reviews the complaint in the light most favorable to Plaintiffs and takes all factual allegations as true, the Court concludes that the Complaint sufficiently alleges that Plaintiffs are insureds. *See id.*

### b. Failure to Allege Specific Type of Coverage

National Union argues that the Plaintiffs do not allege the type of coverage under which they seek relief. The Complaint alleges that National Union must provide coverage for any "wrongful act" by the Plaintiffs under the Policy. The 2011-12 Policy and Defendant's Motion identifies a provision labeled "Coverage A" which pertains to "Wrongful Acts, Errors, and Omissions." Therefore, the Court can draw the reasonable conclusion that Plaintiffs seek coverage under this provision. Further, National Union's argument that the Plaintiffs do not allege specific acts or the date of such acts to establish coverage is incorrect. The exhibits attached to the complaint are part of the pleadings for purposes of this Motion to Dismiss. Plaintiffs attached a copy of the Second Amended Crossclaim and Third Party Complaint in the Underlying Litigation which outlines in significant detail the specific alleged acts and the relevant dates of those alleged acts. Plaintiffs have met their obligation to state a short and plain statement of the claims entitling them to relief and have given the Defendant fair notice of the claims and the grounds upon which they rest.

### c. Dismissal of Attorney's Fees Claims

Defendant argues that Michigan law applies in this case, and it precludes Plaintiffs claim for prevailing party attorney's fees. In diversity cases, a federal court applies the law of the forum in which it sits. *Cambridge Mut. Fire Ins. Co. v. City of Claxton*, 720 F.2d 1230, 1232 (11th Cir. 1983). Thus, in resolving this Motion, the Court looks to Florida law. "Florida adheres to the rule that the legal effects of terms of the insurance policy and rights and obligations of persons insured thereunder are to be determined by the law of the state where the policy was issued." *See LaTorre v. Conn. Mut. Life Ins.*

*Co.*, 38 F.3d 538, 540 (11th Cir. 1994) (citing *Wilson v. Ins. Co. of N. Am.*, 415 So.2d 754, 755 (Fla. 3d DCA.1982)).

Although the 2011-12 Policy lists the insured's address in Michigan and has a "Michigan Amendatory Endorsement," it is not definitively shown from the complaint and its exhibits that National Union issued the 2005-06 Policy in Michigan. The Complaint alleges that Beacon Industrial is a citizen of Michigan, doing business in Florida. Further, the 2005-06 Policy is not before the Court for consideration. Therefore, the Motion to Dismiss Plaintiffs' claim for attorney's fees is denied as premature without prejudice to National Union to the address this issue at summary judgment.

Therefore it is ORDERED AND ADJUDGED that:

1. Defendant's Motion to dismiss (Dkt. #8) is denied.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of September, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-1715-mtd-8.docx